UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL V. ROGERS,

        Petitioner,

   v.

BELINDA STEWART,

        Respondent.

Case No. C07-5369FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
September 21, 2007**

    This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. In reviewing and screening for application to proceed *in forma pauperis* it came to the court's attention that petitioner has previously filed a federal habeas corpus petition regarding the same conviction and sentence that is at issue today.

    The prior petition was dismissed as unexhausted but procedurally barred. See, Rogers v. Waddington, 04-CV-5615FDB. The court concludes this is a second or successive petition and should be transferred to the Ninth Circuit.

DISCUSSION

Ninth Circuit Rule 22-3 (a) states:

REPORT AND RECOMMENDATION
Page - 1

1  (a)  **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

By his own admission the petitioner is filing a second petition (Dkt. # 1, proposed petition, page 4). This case must be transferred to the Ninth Circuit.

## CONCLUSION

Based on the foregoing discussion, the Court should transfer this matter as a second or successive petition and administratively close the file.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 21, 2007**, as noted in the caption.

DATED this 24 day of August, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge